**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE ZAZUETA-CARDENAS,

Defendant-Appellant.

No. 09-8028
(D.C. No. 1:08-CR-00176-WFD-4)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

Defendant Jorge Zazueta-Cardenas appeals from his convictions and

sentence for conspiracy to distribute methamphetamine, and aiding and abetting

the distribution of methamphetamine. On appeal, defendant's appointed counsel

filed a brief explaining that defendant wanted to raise two issues: (1) whether

there was sufficient evidence introduced at trial to support his convictions; and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(2) whether his sentence was "correct and appropriate under the Sentencing Guidelines and other applicable law." Opening Br. at 1. Rather than pressing these arguments, however, defense counsel filed an *Anders* brief and requested that he be allowed to withdraw as defendant's attorney. *See Anders v. California*, 386 U.S. 738, 744 (1967) (explaining that if counsel finds a case to be "wholly frivolous," he may file a brief so advising the court and "request permission to withdraw").

Defendant was given the opportunity to file a pro se response to counsel's *Anders* brief but we received no response from defendant. The government also declined to file a response. Under *Anders*, the court must conduct "a full examination of all the proceedings [] to decide whether the case is wholly frivolous." *Id*. After independently reviewing the record, we agree that defendant has no non-frivolous basis to appeal his convictions or his sentence. Counsel's request to withdraw is therefore granted, and this appeal is dismissed. *See id*. (explaining that once the court determines an appeal is "wholly frivolous" it may "grant counsel's request to withdraw and dismiss the appeal").

I.

Defendant and three co-defendants were charged in a six-count Superseding Indictment on February 25, 2008. Defendant was charged with two of the counts: Count One - conspiracy to possess with intent to distribute, and to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; and Count Six -

distribution of methamphetamine and aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant's three co-defendants all entered guilty pleas. Defendant proceeded to trial in December 2008. After a five-day trial, the jury returned a guilty verdict as to both of the counts in the Superseding Indictment. The jury also specifically found that each count involved fifty or more grams of methamphetamine. In February 2009, the district court sentenced defendant to 63 months of imprisonment on each count, the sentences to be served concurrently. This appeal followed.

II.

The first issue raised by defendant is whether there was sufficient evidence to support his convictions. "We review challenges to the sufficiency of the evidence de novo and ask only whether taking the evidence–both direct and circumstantial, together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Zunie*, 444 F.3d 1230, 1233 (10th Cir. 2006) (quotation omitted).

At trial, the government produced a number of witnesses to testify about a drug transaction that took place on July 24, 2008. Agent Ivan Cregger of the Wyoming Division of Criminal Investigation (DCI) testified that he was working on an investigation involving the sale of drugs to a confidential informant (CI). The CI contacted the DCI and indicated he had set up a deal with one of the

co-defendant's (referred to as "Diaz") to purchase methamphetamine. R. Vol. 3 at 115. Agent Cregger then set up surveillance on Diaz's house to try to find out who was supplying him with the methamphetamine.

On the day set for the drug sale with the CI, Agent Cregger testified that the defendant arrived at Diaz's house and at some point that morning the defendant and Diaz went out to the defendant's car. The defendant reached into his car and pulled out a white oblong-shaped package and handed it to Diaz. Agent Cregger further testified that later that day, Diaz, with the package in hand, got in the car with the defendant and they drove to the truck stop where the CI was waiting. After Diaz and the defendant were arrested, Agent Cregger testified that he saw what the CI had obtained from Diaz—a white sock. Agent Cregger explained that the white sock appeared to be the same object that he observed the defendant bring to Diaz and that Diaz then brought to the truck stop.

Ben Mayland, a police officer with the Greybull, Wyoming police department also testified. He was at the truck stop where the drug transaction took place. Once he received the signal from the CI that the transaction was complete, he came out and took the defendant and Diaz into custody. He testified that he recovered $8,100 in cash from the floor of defendant's car and a white sock from the CI that contained a plastic bag with approximately 4.5 ounces of methamphetamine. The CI further confirmed the testimony of Officer Mayland by testifying that he received a white sock from Diaz and that the defendant was

the driver of the car from which Diaz exited. Finally, the government called an expert in forensic chemistry, Sarah Czernwinski, to testify about the analysis she performed on the contents of the white sock. She testified that the substance in the plastic bag recovered from the sock was methamphetamine. She further testified that the weight of that methamphetamine, without the plastic packaging, was 124 grams or 4.38 ounces.

Testifying on his own behalf, defendant denied possession of the white sock or being involved in the distribution of methamphetamine. He admitted that he drove to the truck stop with Diaz, but he testified that he did not know what Diaz was doing with the CI.

The jury weighed the conflicting evidence and found defendant guilty on both counts. There was sufficient evidence introduced at trial to support the jury's verdict. Accordingly, we find no non-frivolous grounds for appeal as to defendant's conviction on either count.

III.

We next consider the reasonableness of defendant's sentence, which we review under an abuse of discretion standard. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). "We will set aside [a] sentence only if it is procedurally or substantively unreasonable in light of the statutory factors in 18 U.S.C. § 3553(a)." *United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir.

2007). "[W]e accord a properly calculated Guidelines sentence a presumption of substantive reasonableness." *Id.*

The district court determined, consistent with the presentence report, that defendant's guideline level was 26 with a criminal history category of one, which established a guideline sentencing range of 63 to 78 months. At sentencing, defense counsel requested a downward variance to a sentence of 60 months based on the § 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. Defense counsel further noted that a co-conspirator had received a sentence of 60 months. But the government objected to the proposed downward variance, explaining that the co-defendant had pleaded guilty and received a lower offense level for acceptance of responsibility, whereas defendant had not accepted responsibility and instead had elected to go to trial. The government also noted that the amount of methamphetamine involved in the transaction–4.5 ounces– was "not an insubstantial amount." R. Vol. 3 at 697.

The district court declined to exercise its discretion to grant the downward variance. *See United States v. Gambino-Zavala*, 539 F.3d 1221, 1232 (10th Cir. 2008) (affirming the district court's decision not to grant a downward variance and explaining that district courts have "broad discretion . . . to consider § 3553(a) factors"). Instead, the court found "that a sentence within the [guideline] range is sufficient but not greater than necessary to meet the purposes

-6-

of sentencing established by Congress. It affords adequate deterrence, and it protects the community sufficiently from the conduct of this defendant." R. Vol. 3 at 697-98. The court concluded, however, that a sentence at the mid or high end of the guideline range–as requested by the government–was not justified based on all of the § 3553(a) factors. The court ultimately sentenced defendant to 63 months, at the low end of the guideline range. Because defendant's sentence is within the guideline range, it is presumptively reasonable. *See Geiner*, 498 F.3d at 1107. Based upon our review of the record, we find no non-frivolous grounds for appeal as to the procedural or substantive reasonableness of defendant's sentence.

IV.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.

Entered for the Court


Bobby R. Baldock
Circuit Judge